**In re Milton SCHRAIBER, Debtor.**

**Alexander S. KNOPFLER, Trustee for Milton Schraiber, Plaintiff,**

v.

**Milton SCHRAIBER, et al., Defendants.**

**Bankruptcy No. 87 B 17144.**
**Adv. No. 88 A 877.**

United States Bankruptcy Court,
N.D.Illinois, E.D.

Aug. 29, 1989.

See also, Bkrtcy., 97 B.R. 937.

Eugene Crane, Dannen, Crane, Heyman & Simon, Chicago, Ill., for moving defendants.

Hall Triplett, Chicago, Ill., pro se.

MEMORANDUM OPINION ON MOTION OF CERTAIN DEFENDANTS TO DISQUALIFY HALL TRIPLETT AS COUNSEL TO DEFENDANTS GAIK, ET AL.

JACK B. SCHMETTERER,
Bankruptcy Judge.

Defendants Betty Schraiber, Marc Schraiber, Steven Schraiber, Randi Kanter

and Irene Thon ("Movants"), moved the Court to disqualify Hall Triplett, counsel to Isabelle Gaik, Fred Groh, Irene Maczka, Patrick Maize, Evelyn Rydzon, Lois Schmitt and Oak Mill Shopping Center Associates ("OMSCA"). Pursuant to evidence hearing held and pleadings received, the Court makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Alexander Knopfler, as Trustee, has instituted litigation against several defendants, including Movants and those represented by Triplett.

2. Prior to the initiation of the Trustee's litigation, Triplett also represented Marc Schraiber and Randi Kanter concerning matters and disputes involving their ownership interest in the Oak Mill Shopping Center and adjoining vacant lot, which property is the subject of the Trustee's Litigation. Randi Kanter testified that the nature of Triplett's representation included trying to show that they were partners in OMSCA and had a share in the Mall. She further testified that she attended three meetings with all the partners and had several conversations with Triplett, all of which related to Triplett's representation. After May 13, 1988, Mr. Triplett no longer represented Randi Kanter or Marc Schraiber, but continued to represent the other clients without protest by Ms. Kanter or Marc Schraiber until the instant motion was filed.

3. On May 13, 1988, Randi Kanter stated in open court that she had a conflict of interest with Mr. Triplett and would be appearing for herself. On that date, Ms. Kanter signed a release stating:

### RELEASE AND CONSENT

I, Randi Kanter, hereby release fully and unconditionally all claims which I may have against Hall Triplett, attorney at law, arising from any conflict of interest, apparent or real, in his representation of myself and others relating in various ways to the ownership of the Oak Mill Shopping Center in Niles, Illinois.

I also consent and give my unconditional authority and permission for him to continue to represent others with whom he has an attorney-client relationship and who are partners in a partnership known as Oak Mill Shopping Center Associates.

I consent to the entry, without notice or hearing, of any order which may be required by law for Hall Triplett to withdraw his representation or appearance on my behalf in any court of law in which he has represented me.

The Court finds from all the evidence that the foregoing consent was the free, voluntary, and knowing act of release and consent by Ms. Kanter. On or near that date, Mr. Triplett was also informed by Marc Schraiber that he no longer wished to be represented by Triplett. Marc Schraiber was sent a similar release and consent, but he did not sign the release. However, Mr. Schraiber clearly testified at the hearing that he did not intend and still does not intend that his former co-parties would be barred from continuing to employ Mr. Triplett if they so desired. The Court finds that at all times he intended those former co-parties to be free to employ Mr. Triplett as though he had signed the release and consent.

Both Ms. Kanter and Marc Schraiber consented to Mr. Triplett's continued representation of the other clients knowing that he might continue to use whatever confidential information they imparted to him.

However, they did not consent to Triplett representing anyone adverse to their interest in any effort substantially related to their former retention of him.

4. Triplett, on behalf of Defendants Gaik et al. filed an "Answer to Counts I, IV & LI of the First Amended Complaint, Counterclaim and Crossclaim". Paragraph 35 of the Counterclaim and Crossclaim states that "Defendants have disputes with the Trustee and other Defendants over the ownership of the Mall, the existence of a partnership and the identity of the partners therein." That Counterclaim and Crossclaim have since been withdrawn.

5. Mr. Triplett concedes that the scope of his prior representation of Randi Kanter

and Marc Schraiber was substantially related to the representation of his present clients in the pending litigation. Further, it is reasonable to infer that confidences related to issues in the pending suit passed between Ms. Kanter, Marc Schraiber, and Mr. Triplett.

6. Statements of the Court at the conclusion of the hearing and facts recited in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

1. This Court has core jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 157(b). For discussion of this Court's jurisdiction over the Trustee's complaint see Memorandum Opinions entered herein March 22, 1989 and May 23, 1989.

■ 2. Where an attorney represents a party in a matter in which the adverse party is that attorney's former client, the attorney is generally disqualified if the subject matter of the two representations are "substantially related". *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 223 (7th Cir.1978) *reh'g denied.* The Seventh Circuit has set forth a three-part analysis to determine whether a "substantial relationship" exists:

> Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Novo Terapeutisk Lab. A/S v. Baxter Travenol Lab.*, 607 F.2d 186, 195 (7th Cir.1979) (en banc), citing *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d at 225. *See also LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255–56 (7th Cir.1983); *Donohoe v. Consolidated Operating & Production Corp.*, 691 F.Supp. 109, 113 (N.D.Ill.1988) *reconsideration denied* 1988 W.L. 82525.

Mr. Triplett has conceded that the scope of his prior representation of Randi Kanter and Marc Schraiber was substantially related to the representation of Triplett's present clients in the pending litigation. The Court has also found from evidence presented it is reasonable to infer that confidences relevant to the pending case passed between Randi Kanter, Marc Schraiber and Mr. Triplett.

■ 3. The substantial relationship rule embodies the substance of Canons 4 and 9 of the A.B.A.Code of Professional Responsibility. Canon 4 provides that "a lawyer should preserve the confidences and secrets of a client. . . ." Canon 9 provides that "a lawyer should avoid even the appearance of professional impropriety." *Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d at 224. Thus a client moving from one attorney to another, as Randi Kanter and Marc Schraiber did, can bar their former attorney from using any confidential information. "As the profession's own expression of its ethical standards the [ABA] Code of Professional Responsibility, Ethical Considerations, and Disciplinary Rules provide substantial guidance to federal courts in evaluating the conduct of attorneys appearing before them." *Brennan's Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 n. 5 (5th Cir.1979). "The ABA code has long been the established norm for guiding ethical conduct in the federal courts of this district." *Ransburg Corp. v. Champion Spark Plug Co.*, 648 F.Supp. 1040, 1041 (N.D.Ill.1986) (noting the incorporation of the ABA Code into N.D.Ill.Local Rule 3.54(b)). Besides the ABA Code, a federal court may also consider the ABA Model Rules (enacted effective August, 1982, as amended) in ruling on a motion to disqualify. *Jones v. City of Chicago*, 610 F.Supp. 350, 355 (N.D.Ill.1984).

4. Consent was given by Randi Kanter and Marc Schraiber to allow Mr. Triplett to continue to representing OMSCA and Defendants Gaik et al. The Ethical Considerations adopted for Canon 4 of the ABA Code address the effect of client consent to

the release of confidential information. EC 4–2 provides:

> The obligation to protect confidences and secrets obviously does not preclude a lawyer from revealing information when his client consents after full disclosure, when necessary to perform his professional employment, when permitted by a Disciplinary Rule, or when required by law. . . .

Ethical Consideration EC 4–5 then details the conditions for disclosure in specific instances including the following:

> A lawyer should not use information acquired in the course of the representation of a client to the disadvantage of the client and a lawyer should not use, except with the consent of the client after full disclosure, such information for his own purposes . . .

EC 4–5. The Seventh Circuit in *Westinghouse Elec. Corp.*, has held that the passage was carefully constructed so that the consent clause only applies to the portion of the sentence dealing with the lawyer's personal use of confidential information. "The omission of this phrase from the first half of the sentence leads to the conclusion that a client's consent will not justify the use of confidential information against the client." *Id.*, 588 F.2d at 228. The policy behind such a rule is that it is impossible to conclude that a client could ever have any reason to desire that information disclosed to him in confidence should be used against him. The ABA Model Rules contain the same concepts. Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

■ Therefore, Randi Kanter's and Marc Schraiber's consent does not allow use of confidential information against them. Mr. Triplett would be disqualified if their information to him were used or even might be used adversely to them in the past or in the future. Consequently, their consent does not allow Triplett to proceed adversely to them in any way.

■ 5. Triplett's counterclaim, now withdrawn, was no attack on his former clients. Indeed, no adversity exists between Triplett's clients and Ms. Kanter or Marc Schraiber. Although the pleading stated that "Defendants have disputes with the Trustee and other Defendants over the ownership of the Mall, the existence of a partnership and the identity of the partners therein", no relief was sought against Triplett's former clients and the pleading has since been withdrawn. Furthermore, Mr. Triplett and his present clients in fact do not dispute that Randi Kanter and Marc Schraiber are partners of OMSCA if such a partnership is found to exist. (Response to Motion to Disqualify Counsel, at ¶¶ 7–9, and testimony). Mr. Triplett has taken the position that the asserted partnership called OMSCA does in fact exist. (Request for Additional Time to Respond to Motion to Disqualify, at ¶ 4). Indeed, he and his present clients have taken no position adverse to that of his former clients, and there is neither the threat nor appearance of threat that he will use confidences of his former clients against them. Adversity does exist between Mr. Triplett's present clients and Betty Schraiber (mother of Randi Kanter and Marc Schraiber), Milton Schraiber (their father), and Steven Schraiber (their brother). (Preliminary Response to Motion to Disqualify, ¶ 4). Such conflict with the family members of former clients is not the adversity contemplated by the rule requiring disqualification, and the consent given by Ms. Kanter and Marc Schraiber found hereinabove to have been given allows Mr. Triplett to continue in his present representation so long as it remains non-adverse to them.

6. In circumstances such as these, disqualification of counsel would work a great

hardship on the remaining clients of Triplett who might be left in a complex case without counsel if counsel were disqualified. That is not a ground to deny disqualification. But it reminds us that disqualification should not be ordered unless that is required, and here it is neither required nor warranted. Disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir.1983).

7. Remarks of the Court at the close of the hearing will stand as additional Conclusions of Law.

## CONCLUSION

According, Movants' Motion to Disqualify Mr. Hall Triplett is denied.