**Robert L. ADAM**

v.

**MACDONALD PAGE & COMPANY, et al.**

Supreme Judicial Court of Maine.

Argued May 9, 1994.

Decided July 11, 1994.

Ricky L. Brunette (orally), Szwed & Brunette, Portland, for plaintiff.

Martha D. Kelley, Thomas A. Cox (orally), Friedman & Babcock, Michael Kaplan, Preti,

Flaherty, Beliveau & Pachios, Robert Hanson, Norman, Hanson & Detroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Macdonald Page & Company appeals from an order entered in the Superior Court (Cumberland County, *Bradford, J.*) disqualifying the law firm of Friedman & Babcock from representing Macdonald Page in this malpractice litigation brought by Robert L. Adam. Because we agree with Macdonald Page that the court inappropriately applied M.Bar R. 3.4 to the facts of this case, we vacate the order and remand for determination of whether, in representing Adam in a prior proceeding, Friedman & Babcock acquired confidential information that may be used against Adam in this case.

Adam commenced this action in March 1993, alleging "negligent misrepresentation" by Macdonald Page and codefendant Ron L. Beaulieu, and alleging professional negligence by codefendant attorney C. Alan Beagle. Macdonald Page and Beaulieu were the accountants who prepared financial statements for Alco Packing Company of Winslow. Adam had retained Beagle to advise him with respect to his plan to invest in Alco. The complaint alleges that due to negligent acts and omissions by Macdonald Page and the other defendants, Adam paid far too much for Alco's property and stock.

Each of the three defendants are separately represented. Attorney Thomas A. Cox of Friedman & Babcock represents Macdonald Page. Three months after filing his complaint, Adam moved to disqualify Friedman & Babcock because he is a former client of the firm. Adam grounded the motion on the then-existing bar rule governing successive representation, M.Bar R. 3.4(e).[1] Effective on July 1, 1993, rule 3.4 was amended so that the relevant provision is presently contained

---

1. Former M.Bar R. 3.4(e) provided:
   **Interest of Former Client.** A lawyer shall not accept employment adverse to a former client without that client's informed written consent *if such new employment involves the subject*

   *matter of the former employment* or may involve the use of confidential information obtained through such former employment.
   (Emphasis added to highlight language subsequently amended.)

in M.Bar R. 3.4(d)(1).[2] According to Adam, he did not give the requisite written consent to the successive representation of Macdonald Page, the subject matter of the present litigation is substantially related to the subject matter of the prior representation, and the representation of Macdonald Page in the instant case may involve the law firm's use of confidential information obtained through its previous representation of Adam.

In an affidavit supporting his motion for disqualification, Adam states that (1) Friedman & Babcock represented him in a previous case, *Robert Adam & Lloyd Wolf v. Ford Reiche*, No. CV–89–1413 (Me.Sup.Ct., Cum. Cty.), (2) although the case is still pending, Friedman & Babcock withdrew as Adam's counsel when the firm discovered a conflict of interest, (3) defendant Beagle will be a witness in both actions, (4) the same law firm represents both Ford Reiche and Alan Beagle, who were formerly law partners, and (5) he specifically discussed with Friedman & Babcock matters at issue in the present litigation.

Macdonald Page filed affidavits in opposition to the motion to disqualify. In one affidavit, Ernest J. Babcock of Friedman & Babcock states that he and one of the firm's associates, Michelle Landmann, represented Adam against Reiche until December 1990, when the defendant in that proceeding revealed in discovery that he was insured by a company that is a longstanding client of Friedman & Babcock. Babcock and Landmann, who also filed an affidavit, state that the two matters are entirely unrelated and

that they do not believe their firm obtained any information from Adam that is material to the present lawsuit. In an additional affidavit, Charles J. Kean, III, Macdonald Page's managing partner, states that attorney Thomas A. Cox of Friedman & Babcock is the longtime counsel to the accounting firm, that the firm has been fully apprised as to Friedman & Babcock's prior attorney-client relationship with Adam, and that there is no connection between the subject matter of the present case and the subject matter of the Reiche litigation.[3]

Following a nontestimonial hearing, the court granted Adam's motion to disqualify Friedman & Babcock. Applying M.Bar R. 3.4(d)(1)(i),[4] the court found that the two matters were not substantially related. Nevertheless, the court concluded that the disclosure of confidential communications prong of the rule required Friedman & Babcock's disqualification. The court declined to make any factual finding that Adam actually made the communications he alleges. Rather, the court held that "the plaintiff has asserted and the court *must assume* that communications were made during the prior representation bearing on the current suit. As stated in [*In re*] *Ferrante* [, 126 B.R. 642 (Bankr.D.Me. 1991)], this court will not inquire into the substance of those communications, but will merely assume that they were made." (Emphasis added.) Macdonald Page then filed this appeal.[5]

This case raises both issues of fact and issues of law. In applying the first prong of M.Bar R. 3.4(d)(1), the trial court's determi-

---

**2.** In relevant part, M.Bar R. 3.4(d)(1) provides that

> (i) Except as permitted by this rule, a lawyer shall not commence representation adverse to a former client without the client's informed written consent *if such new representation is substantially related to the subject matter of the former representation* or may involve the use of confidential information obtained through such former representation.

(Emphasis added to highlight amended language.)

**3.** In *Adam v. Reiche*, Adam and a coplaintiff, as owners of a real estate parcel in Falmouth, seek a declaratory judgment as to an easement they assert across an adjoining parcel owned by Reiche. The complaint also alleges that Reiche

acted as attorney for the plaintiffs, prepared the deed relating to the plaintiffs' property, represented to them that the right-of-way in question existed, and thus should be subject to an easement by estoppel. Count VI of the complaint accuses Reiche of malpractice, citing M.Bar R. 3.6(i)(1).

**4.** Whether the earlier bar rule, M.Bar R. 3.4(e), *see supra* note 1, should have been applied is not raised by either party.

**5.** Adam does not dispute that an order granting or denying a motion to disqualify an attorney is immediately appealable, either as a "collateral order" exception or a "death knell" exception to the final judgment rule. *See Cook v. Cook*, 574 A.2d 1353, 1354 (Me.1990).

nation that there is no substantial relationship between this case and the prior case in which Friedman & Babcock represented Adam is factual and reviewable only for clear error. *See Satellite Fin. Planning v. First Nat'l Bank of Wilmington,* 652 F.Supp. 1281, 1283 (D.Del.1987). The court's construction of the second prong of rule 3.4(d)(1)(i), as requiring it to assume that Adam actually made the confidential disclosures to Friedman & Babcock that he alleges, is an issue of law, reviewable with no deference to the trial court's determination.

Maine's rule has two prongs, either of which requires disqualification. M.Bar R. 3.4(d)(1)(i). If the prior and current matters are substantially related, then the attorney is disqualified. If they are not substantially related, then the attorney is disqualified if the current representation may "involve the use of confidential information obtained through [the] former representation." If the rule would disqualify any member of a law firm, then the entire firm is disqualified. M.Bar R. 3.4(b)(3).

### The Substantial Relationship Test

■ The trial court concluded that the present litigation is not substantially related to the former representation. Adam asserts that the trial court was incorrect in that conclusion and interpreted "subject matter" too narrowly. Although Adam tries to create an issue of law by focusing on the definition of "subject matter," the trial court applied an analysis that tracks the Seventh Circuit's widely-accepted[6] formula for determination of whether there is a substantial relationship between prior and present litigation:

> Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*In re Schraiber,* 103 B.R. 1001, 1003 (Bankr. N.D.Ill.1989) (quoting *Novo Terapeutisk Lab. A/S v. Baxter Travenol Lab.,* 607 F.2d 186, 195 (7th Cir.1979)).

Whether the matters are substantially related is therefore a factual issue, decided against Adam by the trial court. *See Satellite Fin. Planning,* 652 F.Supp. at 1283 (following 7th Cir. test, worded slightly differently). The trial court explicitly rejected Adam's contention that the fact that both actions allege legal malpractice makes them substantially related. The court found that "the events giving rise to the prior legal malpractice suit and the current legal malpractice suit are different. The first suit concerned a real estate transaction in Falmouth ... while the current suit against co-defendant Beagle concerns a meat packing plant in Winslow...." Friedman & Babcock represents Macdonald Page, not Beagle. Although the facts here might have supported a different conclusion, the trial court's finding that the two matters are not substantially related is not clearly erroneous.

---

**6.** Forty-three out of fifty-one jurisdictions (the states plus the District of Columbia) follow an amended version of either the *ABA Model Rules of Professional Conduct* (1983), or the *ABA Model Code of Professional Responsibility* (1969). *See ABA/BNA Lawyers' Manual on Professional Conduct* § 01:3 (1994) (listing jurisdictions and ethics rules adopted). Model Rule 1.9(a) requires disqualification only if the current and prior matters are the same or substantially related. Canon 4 of the Model Code directs that a "lawyer should not use information acquired in the course of representation of a client to the disadvantage of the client." *Model Code of Professional Responsibility,* EC–4–5 (1980); *see id.* DR–4–101(B) (the accompanying prohibition on a lawyer's conduct). *Kevlik v. Goldstein,* 724 F.2d 844 (1st Cir.1984), cited by both parties, is a Model Code decision. In *Kevlik,* the court found that the matters were substantially related and there was "the appearance of impropriety ... [and] the actual or potential use of privileged information." *Id.* at 851. Courts also sometimes look to Canon 9 of the Code, which directs lawyers to avoid the appearance of impropriety. Almost invariably, however, courts apply the "substantial relationship" test regardless of whether the jurisdiction follows the Code or the Rules. *See, e.g., Paul E. Iacono Structural Eng'r, Inc. v. Humphrey,* 722 F.2d 435, 440 (9th Cir.1983); *Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791–92 (2d Cir. 1983); *LaSalle Nat'l Bank v. County of Lake,* 703 F.2d 252, 255 (7th Cir.1983); *United States v. Titan Pac. Constr. Corp.,* 637 F.Supp. 1556, 1560 (W.D.Wash.1986); *Jack Eckerd Corp. v. Dart Group Corp.,* 621 F.Supp. 725, 730 (D.Del.1985).

### Use of Confidential Information

■ Relying on *In re Ferrante*, 126 B.R. 642 (Bankr.D.Me.1991),[7] the trial court, having found that the two cases are not substantially related, nevertheless assumed, without making any factual findings, that there were communications made to Friedman & Babcock during the prior representation that bore on the current suit. In doing so, the court failed to properly apply the second prong of M.Bar R. 3.4(d)(1)(i).

Rule 3.4 was amended in 1993 so that the first prong of the rule bars successive representation if the two matters are substantially related, while the second prong of the rule was left intact. Therefore, in order to assign meaning to all the words in the rule, the second prong must be interpreted to mean something other than that the court should assume the existence of confidential communications if the matters are substantially related. *See State v. Leonard*, 470 A.2d 1262, 1264 (Me.1984) (attach meaning to all the words in the statute).

Maine's rule is more stringent than either the *ABA Model Rules of Professional Conduct* (1983) or the *ABA Model Code of Professional Responsibility* (1969). Other jurisdictions, whether following the rules, the code, or some amalgam of the two, generally determine whether the two proceedings are substantially related. If so, confidential communications are assumed, and the lawyer is disqualified. If the two proceedings are not related, the lawyer's only continuing duty to the former client is not to "use information relating to the representation to the disadvantage of the former client." *Model Rule* 1.9(c)(1). Even stronger is Maine's rule which explicitly prohibits successive representation if there is a substantial relationship between the two proceedings *or, in the alternative*, if in the prior representation, the attorney acquired relevant, confidential information that may be used in the subsequent case.

A motion for disqualification can be abused as a litigation tactic. *See ABA/BNA Lawyers' Manual on Professional Conduct* §§ 51–206–07 (1994) (explaining the rejection of the "appearance of impropriety" standard in the Model Code). "[L]awyers and litigants alike have caught on to the tactical advantage of disqualification motions, and some are not shy about using them anytime they think such a move will advance their own interests." *Id.* § 51–207. If a former client need merely allege that she made relevant confidential communications to her former attorney, then the rule will be an obvious vehicle for abuse. *See also Ferrante*, 126 B.R. at 649 ("disqualification may be asserted improperly, for tactical reasons aimed to disrupt the opposition, to harass opposing counsel or to effect delay").

In cases where the previous and current representation are not related, but the client alleges that the attorney acquired relevant, confidential information in the course of their previous relationship, a factual inquiry is necessary.[8] The court must make a factual determination whether the attorney challenged actually acquired relevant, confidential information through the previous representation. Confidential information may encompass more than direct communications from the client. The term includes both confidences—"information protected by the attorney-client privilege," and secrets—"other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or detrimental to the client." M.Bar R. 3.6(h)(5). It could include information concerning a client's ability to deal with the stress of litigation, or serious financial difficulties that would affect the client's ability to litigate. To disqualify the opponent's attorney based on Maine's bar rule for successive representation when the previous and current matters are not substantially related, the former client has the burden to show that the attorney actually acquired information

---

**7.** The court in *In re Ferrante*, 126 B.R. 642 (Bankr.D.Me.1991), construed former M.Bar R 3.4(e). *See supra* note 1.

**8.** We note that the court would have great flexibility in the procedure it adopts in its determina-

tion as to whether confidences had been disclosed in the prior action. For example, the court could make use of *in camera* proceedings to hear evidence and review documents.

that is both confidential and relevant to the second action, or that would give the second client an advantage in the action against the former client. Because the court did not make that determination, we vacate and remand for further consideration.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.