1997 ME 113

**Zagonyi TUNGATE**

v.

**MacLEAN–STEVENS STUDIOS, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 18, 1997.

Decided May 22, 1997.

Jon Holder, Holder & Grover, P.A., Portland, for plaintiff.

John H. Rich, III, Perkins, Thompson, Hinckley & Keddy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] MacLean–Stevens Studios, Inc., appeals from the interlocutory order entered in the Superior Court (Cumberland County, Bradford, J.) denying its motion to disqualify Zagonyi Tungate's attorney, Jon Holder. Because we conclude that the challenged order does not fall within any exception to our prudential final judgment rule, we dismiss the appeal.

[¶ 2] MacLean–Stevens Studios, Inc., is a photography business supplying student photographs to schools in Maine and several other states. In April 1995 Holder filed a class action suit against MacLean–Stevens alleging violations of, among other things, the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205–A–214 (1989 & Supp.1996). Zagonyi Tungate is named as the class representative. The suit arises from MacLean–Stevens's practice of charging different prices for student photograph packages depending on whether the school accepts a commission from MacLean-Stevens. The class action was brought sometime after Kathleen M. Grover, Jon Holder's wife and law partner, purchased a photograph package from MacLean–Stevens for the couple's child attending the middle school in Falmouth. The price Grover paid apparently included a commission for the middle school, a fact allegedly not disclosed to purchasers.

[¶ 3] In July 1996 MacLean–Stevens filed a motion to disqualify Holder as counsel for the class on the grounds that he and his wife are likely witnesses in the case and that they, as members of the class, have a conflict of interest. See M. Bar R. 3.4(g)(1)(i), 3.5(b)(1) & 3.4(f)(1).[1] In response to the motion,

1. M. Bar R. 3.4(g)(1)(i)provides:

A lawyer shall not commence representation in contemplated or pending litigation if the lawyer knows, or should know, that the lawyer is likely or ought to be called as a witness. This rule does not apply where the predictable testimony will relate solely to uncontested matters or to legal services furnished by the lawyer, or where the distinctive value of the lawyer in the particular case would make denial a substantial hardship on the client.

M. Bar R. 3.5(b)(1) provides:

If a lawyer knows, or should know, that the lawyer or a lawyer in the lawyer's firm is likely or ought to be called as a witness in litigation concerning the subject matter of the lawyer's employment, the lawyer and the lawyer's firm shall withdraw representation at the trial unless the court otherwise orders. This rule does not apply to situations in which the lawyer

Holder and Grover waived any potential membership in the class and any award to which they could be entitled, and Tungate gave her consent that Holder continue as counsel. After a hearing the court refused to disqualify Holder, and MacLean–Stevens appeals.

[¶ 4] MacLean–Stevens erroneously asserts that we have "expressly declared that denial of a motion to disqualify counsel is entitled to interlocutory appellate review." In fact, the only interlocutory appeals in attorney disqualification cases that we have reviewed on their merits involved orders disqualifying counsel. In *Adam v. Macdonald Page & Co.*, 644 A.2d 461 (Me. 1994), the trial court disqualified the defendant's counsel because of the presumed receipt of confidential information while previously representing the plaintiff. We vacated the order and remanded for an evidentiary hearing on whether in fact defense counsel had obtained confidential information that could prejudice the plaintiff. *Id.* at 464–65. In *Casco Northern Bank v. JBI Associates, Ltd.*, 667 A.2d 856 (Me.1995), we affirmed an interlocutory order disqualifying counsel for JBI Associates on the motion of two codefendants on the ground that counsel had previously represented them on matters substantially related to the pending litigation.

[¶ 5] We did not address the final judgment rule in any detail in either *Adam* or *Casco Northern*. In *Casco Northern* we quoted *Adam* in a footnote. 667 A.2d at 859 n. 3. In *Adam* we stated in a footnote that *Adam* did not dispute that the order was immediately appealable. 644 A.2d at 462 n. 5(citing *Cook v. Cook*, 574 A.2d 1353, 1354 (Me.1990), that dealt with the death knell exception in a different context). Moreover, these cases are readily distinguishable from the case at bar. The disqualification of an attorney will involve a disadvantage and expense that cannot be remedied after the conclusion of the case. No such irreparable harm will occur to MacLean–Stevens. This case does not involve the use of confidential information or any prior representation of MacLean–Stevens. In this case there is no likelihood that MacLean–Stevens will suffer any irreparable harm and thus no extraordinary circumstance that would compel us to expand the limited exceptions to the final judgment rule. *See Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 580–81 (Me. 1986).

° The entry is:

Appeal dismissed.

would not be precluded from accepting employment under Rule 3.4(g)(1)(i).
M. Bar R. 3.4(f)(1) provides:
    Except with the informed written consent of the client, a lawyer shall not commence representation if there is a substantial risk that any financial interest or significant personal relationship of the lawyer will materially and adversely affect the lawyer's representation of the client.