2007 ME 65

**Nadine G. HURLEY**

v.

**John P. HURLEY Jr.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 27, 2007.

Decided: May 22, 2007.

Barbara L. Raimondi, Esq., Trafton & Matzen, LLP, Auburn, for plaintiff.

James A. Billings, Esq., Lipman, Katz & McKee, P.A., Augusta, for defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] John P. Hurley Jr. appeals from an order entered in the District Court (West Bath, *Douglas, J.*) granting Nadine G. Hurley's motion to remove John's counsel, C.H. Spurling. John contends that (1) the court erred in determining that a personal injury action in which Spurling represented Nadine was substantially related to the subject matter of the present divorce action; (2) the court erred in determining that the present divorce action may involve the use of confidential information Spurling acquired while representing Nadine in her personal injury action; and (3) he was denied due process. We disagree and affirm the order of disqualification.

## I. BACKGROUND

### A. Personal Injury Representation [1]

[¶ 2] In May 2001, Nadine's automobile was rear-ended. As a result of the accident, Nadine received medical treatment, but did not miss work or suffer significant injuries. The automobile incurred substantial damage and was replaced. Nadine retained Spurling to represent her in a personal injury action arising from the accident. Spurling is a cousin of Nadine's husband, John. Spurling filed suit on her behalf seeking recovery for property damage, medical expenses, and emotional harm. During the course of litigation, which lasted over two years, Nadine revealed to Spurling details concerning her health, work history, injury history, and a workers' compensation claim. Discovery, which included interrogatories and a deposition of Nadine, involved the same subject matters. The personal injury action proceeded to trial, but settled on the day of jury selection. The money Nadine received in the settlement has been spent.

[¶ 3] Nadine was impatient with the litigation, told Spurling that the process upset her, and was unhappy with the settlement. About the time when the personal injury action settled, Nadine asked Spurling if he would represent her in a prospective divorce action. Spurling declined and referred her to another attorney.

### B. Present Representation

[¶ 4] In August 2005, Nadine contacted Attorney Alice Knapp about representing her in a divorce action. John suggested to Nadine that Knapp serve as counsel to

---

1. The personal injury action was not Spurling's only prior representation involving Nadine. Spurling also prepared Nadine's parents' will. Nadine was the personal representative and a beneficiary of the will. Spurling also assisted John in forming a corporation and served as that corporation's clerk and registered agent. In the present divorce action, Nadine claims a marital interest in the corporation. Because we determine that Spurling's representation in the personal injury action warrants his removal from this case, we do not address the other prior representations.

both parties to limit costs. After Knapp met with John to show him a draft settlement agreement, John decided to hire his own counsel. He hired Spurling. Apparently believing that John did not object, Knapp continued to represent Nadine. After Nadine served John with a divorce complaint, at the initial case management conference Knapp raised the issue of her prior representation of John and of a potential conflict of interest. Knapp asked John if he would consent to her continued representation of Nadine. John did not give his consent. Knapp then informed John that if he did not consent to her continued representation of Nadine, Nadine would object to Spurling representing John. John continued to withhold his consent. Knapp then filed a motion to remove Spurling, and withdrew herself from representing Nadine. Nadine retained new counsel, who continues to represent Nadine in the present appeal.

[¶ 5] The court granted Nadine's motion to remove Spurling. This appeal followed.

## II. DISCUSSION

[¶ 6] This appeal is interlocutory. Generally, pursuant to the final judgment rule, we require the entry of a final judgment before we will entertain an appeal. *Lewis v. Keegan*, 2006 ME 93, ¶ 13, 903 A.2d 342, 346. However, we have entertained appeals of orders disqualifying counsel. *See Casco N. Bank v. JBI Assocs. Ltd.*, 667 A.2d 856, 858 (Me.1995); *Adam v. MacDonald Page & Co.*, 644 A.2d 461, 461–62 (Me.1994). We have determined that disqualifying an attorney involves "a disadvantage and expense that cannot be remedied after the conclusion of the case." *Tungate v. MacLean–Stevens Studios, Inc.*, 1997 ME 113, ¶ 5, 695 A.2d 564, 565. Accordingly, we address the merits of this appeal.

### A. The Successive Representation Rule

[¶ 7] The Maine Bar Rule governing successive representation provides, in part:

Except as permitted by this rule, a lawyer shall not commence representation adverse to a former client without that client's informed written consent if such new representation is substantially related to the subject matter of the former representation or may involve the use of confidential information obtained through such former representation.

M. Bar R. 3.4(d)(1)(i). The rule has two prongs, each of which provides an independent basis for disqualifying an attorney. *Id.; Adam*, 644 A.2d at 463. Under the first prong, if the two matters are substantially related, the attorney is disqualified. M. Bar R. 3.4(d)(1)(i). Under the second prong, an attorney is disqualified if the current representation "may involve the use of confidential information" obtained in the former representation. *Id.*

[¶ 8] We use a highly deferential standard of review in reviewing orders to disqualify an attorney. *Casco N. Bank*, 667 A.2d at 859. Any "doubts should be resolved in favor of disqualification." *Id.* (citation omitted). The court's determination that two matters are substantially related is a factual determination that we review for clear error. *Adam*, 644 A.2d at 463. A factual finding is clearly erroneous only when there is no competent evidence in the record to support it. *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 14, 901 A.2d 189, 195.

#### 1. The Substantially Related Prong

[¶ 9] A three-part test is utilized to determine whether the prior and present representations are substantially related:

[First], the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is rea-

sonable to infer that the confidential information allegedly given would have been to a lawyer representing a client in those matters. [Third], it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Adam,* 644 A.2d at 463 (quotation marks omitted).

■ [¶ 10] Applying the first part of the test, the court's factual reconstruction of the scope of the personal injury action is supported by competent evidence. The court determined that the prior representation was a personal injury action seeking damages for personal injury, medical expenses, and emotional harm. The court further determined that the case involved questions of Nadine's health, prior injuries, work history, and earning capacity. These findings are supported directly by the testimony of Nadine as recounted in the court's order settling the record.

■ [¶ 11] The second step is an inferential inquiry that first requires a determination of whether information allegedly given to the attorney is confidential. A separate rule governs whether information is confidential. Pursuant to M. Bar R. 3.6(h), an attorney may not knowingly disclose or use information that is not generally known without informed consent, and:

(i) Is protected by the attorney-client privilege in any jurisdiction relevant to the representation;

(ii) Is information gained in the course of representation of a client or former client for which that client or former client has requested confidential treatment;

(iii) Is information gained in the course of representation of the client or former client and the disclosure of which would be detrimental to a material interest of the client or former client; or

. . . .

M. Bar R. 3.6(h)(1).

[¶ 12] The 2005 advisory note to Maine Bar Rule 3.6 explicitly states that subsection (iii) operates to keep information confidential "even in the absence of a specific request for confidential treatment." Pursuant to subsection (iii), the information Nadine conveyed to Spurling during the course of the personal injury action concerning her health and injury history is confidential even though she did not specifically request Spurling to keep it in confidence. An individual's medical history is not the type of information that is "generally known." Indeed, one expects it to be kept confidential. Disclosing the information about her medical history could be used to leverage greater parental rights and responsibilities in favor of John, and the extent of Nadine's physical injuries could become contested in determining her income potential to calculate an amount of spousal support. *See* 19–A M.R.S. § 951–A(2)(A) (2006).

[¶ 13] The information about Nadine's income earning history and capacity is also confidential pursuant to subsection (iii). It is not information that is generally known; it does not appear from the record that her salary at any of her employers would have been public information. This information could be disclosed to Nadine's detriment, as could her health information in determining spousal support.

[¶ 14] In addition to the factual information Spurling acquired about Nadine's health and earning history during the course of the personal injury representation, Spurling also acquired information about the way in which Nadine handled the litigation process. Pursuant to subsection (iii), this information is also confidential. We have held that confidences "could include information concerning a client's

ability to deal with the stress of litigation." *Adam*, 644 A.2d at 464.

[¶ 15] An attorney representing a client in a personal injury action involving significant representation would learn confidential information about the way in which his or her client handles the stress of litigation. In the present case, for over two years Spurling observed Nadine's reaction to the numerous tribulations of the litigation process. Spurling personally observed: Nadine's ability to testify under oath, her reactions to her adversary, her patience with the protracted process, her ability to accept compromise, her ability to handle stress, and the way in which she relates to her attorney. Disclosing knowledge of Nadine's strengths and weaknesses in these areas would be detrimental to her interests in another litigation, particularly in a contentious divorce action.

[¶ 16] The second step of the substantially related test requires finding not only that alleged information exchanged was confidential, but also that it is reasonable to infer that the confidential information would have been given to the lawyer representing the client in the previous matter. In the present case, the inference is more than reasonable. It is reasonable to infer that Spurling would have acquired information concerning Nadine's health and income history because she testified to that fact. Even in the absence of the testimony, such knowledge is essential to an attorney representing a client in a personal injury action and it is easily inferred that it would have been given to Spurling. Likewise, it is easy to infer that Spurling would have acquired the confidential information concerning how Nadine handled the litigation because he observed her throughout the process.

[¶ 17] The third and final step of the test requires determining whether the confidential information acquired in the prior representation is relevant to the issues raised in the present representation. As explicated above, the confidential information concerning Nadine's mental and physical health would be relevant to the determination of parental rights and responsibilities. The confidential information concerning Nadine's ability to deal with the issues of litigation is relevant to the present divorce action which is in litigation. Information concerning Nadine's mental and physical health is potentially relevant to the determination of her earning capacity for purposes of child support. It is also potentially relevant to the property distribution, *see* 19–A M.R.S. § 953(1)(C) (2006), and an award of attorney fees.

[¶ 18] Because there is competent evidence to support all three parts of the substantially related test, the court did not clearly err in determining that the personal injury action and the present divorce action are substantially related. This finding alone is enough to support the court's disqualification of Spurling.

### 2. The Use of Confidential Information Prong

[¶ 19] Under the alternative confidential information prong, if the attorney actually acquired confidential information that may be used in the present representation, the attorney is prohibited from representing the client in the present representation. M. Bar R. 3.4(d)(1)(i); *Adam*, 644 A.2d at 464.

[¶ 20] Citing our decision in *Adam*, John contends that we review the trial court's determination of the confidential information prong de novo. Although in *Adam* we reviewed the trial court's application of the confidential information prong de novo, the trial court did not make any factual findings as to whether the attorney actually acquired confidential information. *Adam*, 644 A.2d at 464. Instead, the court as-

sumed the client communicated confidential information. *Id.* at 462. We did not accord that factually unsupported assumption any deference. *Id.* at 463.

[¶ 21] In the present case, however, the court made specific factual findings in determining that Nadine had communicated confidential information to Spurling during the course of the personal injury action. Therefore, we must determine whether the trial court clearly erred in finding that Spurling actually acquired confidential information.

[¶ 22] The court determined that the information Spurling acquired regarding Nadine's physical and mental health, work history, and the way she handles contested litigation was confidential, providing a second, independent basis for Spurling's disqualification.

[¶ 23] That factual finding is supported by competent evidence. The court credited Nadine's testimony that she had actually given her health and income history to Spurling and that she spoke with Spurling many times during the personal injury action, providing opportunities for Spurling to observe how she handled the litigation process.

[¶ 24] The use of confidential information prong requires a determination that the confidential information obtained in the prior representation may be used in the present representation. As explained above under the analysis of the third step of the substantially related test, information concerning Nadine's physical and mental health is relevant to an issue raised in the present divorce action, the determination of parental rights and responsibilities. Because Nadine's health history is relevant to an issue specifically contested in the divorce, it is clear that, pursuant to M. Bar R. 3.4(d)(1)(i), the present divorce action "may involve the use of" that confidential information.

[¶ 25] Although the confidential information that would be detrimental to Nadine's award of spousal support may be less relevant to the present divorce action under the substantially related test, information concerning spousal support falls within the ambit of the confidential information test. Based on the escalating acrimony between the parties or a possible change in Nadine's financial situation, it is not unreasonable to assume, as Nadine contends in this appeal, that she may amend the complaint and request spousal support. The present divorce action may involve the determination of spousal support and that determination would involve the use of Nadine's health and income histories in the context of appraising her income earning potential pursuant to 19–A M.R.S. § 951–A(2)(A).

[¶ 26] Both the substantially related and the use of confidential information prongs to the successive representation test are supported by competent evidence, and both independently justify the court's disqualification of Spurling.

[¶ 27] John's other contention that he was denied due process does not merit further discussion.

The entry is:

Order of disqualification is affirmed. Remanded to the District Court for further proceedings consistent with this opinion.