STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                    DOCKET NO. RE-07-076
                                             PAC - YOR- 11/21/2007

ESTATE OF ANNA L. MARKHEIM,
by G. CHARLES SHUMWAY, II,
Special Administrator,

            Plaintiff

v.                                           **ORDER AND DECISION**

RYAN MARKHEIM and                            DONALD L. GARBRECHT
HEATHER MARKHEIM,                                 LAW LIBRARY

            Defendants                        FEB 06 2008

This case is the latest chapter in a saga that spans the world from California to Israel with stops here in Maine.

This case starts with claims that Chaim Markheim defrauded a number of individuals and businesses through a series of transactions in California. He was then married to Anna Markheim and they were the parents of Ryan Markheim who is married to Heather Markheim. It was claimed that Chaim Markheim shared his fraudulently obtained wealth with Anna and to a lesser extent Ryan and Heather. Chaim and Anna Markheim eventually divorced in August of 2003, she has since died in September of 2006 and he reportedly absconded to Israel. In May of 2001 Anna Markheim loaned $70,000 to Ryan Markheim and Heather Markheim to purchase a home in Saco, Maine.

Litigation was brought in this court, CV-04-040 by a plaintiff known as The Official Committee of Unsecured Creditors of the Estate of Helionetics, Inc.; Now Known as the Official Post Confirmation Committee of Creditors Holding Unsecured

Claims against Chaim Markheim and Anna Markheim which noted that a judgment had been rendered against Chaim Markheim in California for nearly $5,000,000 and that at least $2,000,000 had been transferred to Anna Markheim. Attorney G. Charles Shumway, II represented Anna Markheim in that suit.

As the case progressed the plaintiff, in a second amended complaint, added Ryan and Heather Markheim as defendants and for a time, including the deposition of Ryan Markheim, Mr. Shumway represented them as well. They eventually parted company and obtained separate counsel. After extensive and costly litigation CV-04-040 settled. Mr. Shumway was owed a significant fee by Anna Markheim by the conclusion of the case.

Ms. Markheim, who also resided in York County, died in 2006 and it appears from the docket entries of the York County Probate Court that Ryan Markheim was initially appointed as special administrator of the estate. One of the potential assets of Anna Markheim's estate was her loan to Ryan and Heather Markheim and one of her debts were the counsel fees owed to attorney Shumway. Apparently when Ryan Markheim allegedly declined to pay the debt or, as special administrator, sue himself or his wife, Mr. Shumway was appointed as special administrator.

Mr. Shumway acting as counsel for himself as special administrator of the estate of Anna L. Markheim sued his former clients, Ryan Markheim and Heather Markheim in the York County Probate Court to recover judgment on the $70,000 loan. The Markheims removed the case to Superior Court and have filed a motion to disqualify attorney Shumway from acting as attorney for or representative of the plaintiff and filed a separate motion for sanctions.

Initially it appears that Bar Rule 3.4.(d)(1) would preclude Mr. Shumway from suing the Markheims. The rule states, "Except as permitted by this rule, a lawyer shall

2

not commence representation adverse to a former client without that client's informed consent if such representation is substantially related to the subject matter of the former representation or may involve the use of confidential information obtained through such former representation." Also see *Hurley v. Hurley*, 2007 ME 65 (May 22, 2007).

The prior representation of Ryan and Heather Markheim involved in part the $70,000 note and where the funds came from. It is more than reasonable to infer that some confidential information, which may or may not still be useful, was provided concerning the note and perhaps Ryan and Heather Markheim's personal and financial circumstances. Confidential information regarding the circumstances surrounding the note could be utilized in the current litigation. My initial conclusion is that a literal reading of the Bar Rules, as interpreted by *Hurley*, would indicate that Mr. Shuway, as an attorney, cannot sue his former clients. Further examination leads me to a different final conclusion.

If Anna Markheim was alive and she wanted to sue her son Ryan and daughter-in-law Heather on the note, Mr. Shumway could not be her lawyer. If Ryan and Heather Markheim had personally owed Mr. Shumway attorney's fees he could sue them. We have a case in the middle.

Mr. Shumway believes that he is owed a fee by the estate and the estate has as a potential asset the $70,000 note. Ryan Markheim has allegedly declined to fully pay the note and does not wish to sue his wife, and Mr. Shumway has been appointed as special administrator for the purpose of suing the Markheims. It appears that if he recovers for the estate, the estate will then pay his claim. All of this reduces to a case where Mr. Shumway, though an attorney, is essentially acting *pro se* to collect a debt owed him. This does not differ significantly from a more direct suit against a client for funds directly owed.

3

The defendants also requested that Mr. Shumway be removed as special administrator. That request, if it was to be granted, would more properly be made to the Probate Judge, see 18-A M.R.S.A. §3-611.

Both sides are understandably seeking a financial advantage. Unless Mr. Shumway can bring the suit essentially as both client and lawyer, he would need to have someone else appointed as special administrator to pursue his claim and would need to hire someone else to pursue his claim. He obviously gains by acting as his own lawyer. Likewise, the defendants can either slow the case against them, or make it too difficult or costly to pursue if Mr. Shumway is removed in full or in part from the case.

The entries are:

Motion to disqualify G. Charles Shumway, II from acting as attorney is denied. Motion to disqualify G. Charles Shumway, II as representative of plaintiff is dismissed.

Defendants' motion for sanctions is denied.

Dated:     November 21, 2007

Paul A. Fritzsche
Justice, Superior Court

G. Charles Shumway, II, Esq. - PL
William Knowles, Esq. - DEFS
Dylan Smith, Esq. - DEFS
Jonathan Doolittle, Esq. - DEFS

4