STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS.
PAI    /OP - 11/8/200

ANDREW F. ANTONIUK and
ROCKMERE LODGE,

        Plaintiffs

   v.                         CV-05-047

ROBERTA GOLDEN,

        Defendant              **ORDERS ON
PENDING MOTIONS**

ROBERTA GOLDEN,

        Plaintiff

   v.                         CV-07-299

ROCKMERE LODGE, ANDREW F.
ANTONIUK, ROBERT BROWN and
DOUGLAS FLINT,

        Defendants

In CV-05-47 Andrew Antoniuk and Rockmere Lodge, a bed and breakfast inn located in Ogunquit, filed a complaint in February of 2005 against their neighbor Roberta Golden regarding a right of way which benefits the plaintiffs. A counterclaim was filed in which Ms. Golden claimed that the plaintiffs had both overburdened the easement and interfered with her view easement. This case has been very contentious resulting in both a finding that Ms. Golden was in contempt and in her brief incarceration.

In CV-07-299 Ms. Golden has filed her own complaint against Rockmere Lodge, Mr. Antoniuk and two other defendants seeking damages on several tort theories

including defamation, slander of title and trespass. Numerous motions are pending in both cases.

In CV-05-47 the defendant's motion for a view will be deferred to trial but tentatively granted subject to the availability of funds to transport jurors and a trial at a time of year when a view would be helpful.

In CV-05-47 and CV-07-299 the motions to consolidate will be denied. The cases involve some different parties and are in different stages of pre-trial development. While there is overlap between the cases the cases will be easier to present to a jury if kept separate.

Attorney Moulton's motion to withdraw as counsel in CV-05-47 will be granted by separate order.

In CV-05-47 defendant's motion to sequester witnesses will be granted.

In CV-07-299 defendant's motion to participate in mediation telephonically will be denied but the parties shall work together to ease the travel burden and expenses of the parties by choosing a mutually convenient date. If a judicial settlement conference would be helpful one may be requested.

The only motion that requires more detailed analysis is the motion of Ms. Golden to require Ms. Driscoll to withdraw as counsel for the plaintiffs in CV-05-47 and for the defendants in CV-07-299. When CV-05-47 was filed the plaintiffs were represented by the York firm of Erwin, Ott, Clark, Orso & Campbell through attorney Gregory Orso. In September of 2005 attorney Susan Driscoll of the Kennebunk firm of Bergen & Parkinson, LLC began representing the plaintiffs which was followed by the withdrawal of Mr. Orso.

In March of 2008 Ms. Golden, representing herself, filed a motion to recuse plaintiff's attorney in CV-05-47. A similar motion has been filed in CV-07-299. In those

2

motions Ms. Golden seeks an order requiring Ms. Driscoll to withdraw as counsel since Attorney John Kugler, who formerly represented Ms. Golden, became associated with Bergen & Parkinson in October of 2006. A review of the relevant bar rule and the nature of Mr. Kugler's former representation are required.

The key rule is 3.4(d)(i)(ii)(A) which reads, "When a lawyer (Mr. Kugler) becomes affiliated with a firm (Bergen & Parkinson), the firm shall not accept or continue representation adverse to a former client (Ms. Golden) of the lawyer, or the lawyer's previous law firm, without that client's informed written consent, if: (A) Such representation involves the subject matter of former representation on which the lawyer personally worked." Ms. Golden has not given her consent while Mr. Kugler was a sole practitioner.

There is no evidence that Mr. Kugler still has any confidential information about Ms. Golden that he could share with Ms. Driscoll. Likewise there is absolutely no suggestion that Mr. Kugler would share such information if it existed. There is no suggestion that there is anything that Mr. Kugler could tell Ms. Driscoll about this case or Ms. Golden that Ms. Driscoll has not already learned. Finally, while Ms. Golden states that she only recently learned that Mr. Kugler had joined Bergen & Parkinson, the timing of her motion, as trial approached and as a delay was being sought to allow for the consolidation of the cases, is at least suspect.

Ms. Golden has provided me with a series of documents from 1992 through 1998 dealing with Mr. Kugler's representation of her in her dispute with both her current adversaries and the prior owners of the Rockmere property. That representation involved both the easement benefiting Rockmere and the view easement benefiting Ms. Golden. While the new cases involve other issues as well, the new cases certainly

3

involve "the subject matter of former representation on which the lawyer (Mr. Kugler) personally worked."

There are two cases from the Law Court which, while they deal with the "substantially related to the subject matter of the former representation test" found in Rule 3.4(d)(l)(i) rather than the "involves the subject matter of former representation" found in Rule 3.4(d)(l)(ii), are still helpful. *Casco Northern Bank v. JBI Associates* at 667 A.2d 856, 860-1 (Me. 1995) states what the related rule is designed to protect. The rule protects expectations of loyalty and appearances as well as actual misuse of confidential information, of which there is none in this case. *JBI Associates* involved the separate sub-rule 3.4(d)(l)(i) which concerns itself with a situation where a lawyer commences representation "adverse to a former client ... if such new representation is (either) substantially related to the subject matter of the former representation or may involve the use of confidential information obtained through such former representation." The rule governing newly affiliated lawyers, such as these cases, involve a slightly different test. Also see *Adam v. Macdonald Page & Co.*, 644 A.2d 461, 464-5 (Me. 1994).

Since, at the very least, Mr. Kugler's work for Ms. Golden and Ms. Driscoll's work adverse to Ms. Golden in CV-05-47 both involve the "subject matter of former representation",Ms. Driscoll may not remain as counsel. The cases will be stayed for 90 days to allow her current clients to obtain new counsel.

The entries are:

In CV-05-47: Defendant's motion for a view is deferred to trial.

Defendant's motion to sequester witnesses is granted.

Defendant's motion to consolidate cases is denied.

Defendant's motion to recuse plaintiff's attorney is granted.

4

In CV-07-299: Plaintiff's motion to consolidate cases is denied.

Defendant's motion to participate in mediation telephonically is denied.

Plaintiff's motion to recuse defendants' attorney is granted.

Dated:        April 8, 2008

Paul A. Fritzsche
Justice, Superior Court


IN CV-05-47:

Susan B. Driscoll. Esq. - PLS
Bradley Moulton, Esq. - DEF
Mary Womboldt, Esq. (pro hac vice) - DEF

IN CV-07-299:

Roberta A. Golden (pro se) - PL
Susan B. Driscoll. Esq. - DEFS

5