2006 ME 123

**Shirley A. PASSALAQUA**

v.

**Kelly PASSALAQUA et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 18, 2006.

Decided: Oct. 27, 2006.

Donna L. Martin, Oxford Hills Law, South Paris, for plaintiff.

Cumberland Legal Aid Clinic, Portland, Student attorneys: Judith Lewis, Caroline Wilshusen, and Marcy Muller, Faculty Advisors: Deirdre Smith, E. James Burke, and D. Jill Green, for defendants.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Kelly Passalaqua appeals from an order entered in the District Court (Lewiston, *Beliveau, J.*), denying her motion to dismiss, for lack of standing, the petition for grandparent visitation rights brought by her former mother-in-law, Shirley A. Passalaqua. Kelly contends that this appeal, though interlocutory, fits within an exception to the final judgment rule. We also address the validity of an interim order entered by a family law magistrate (*Carlson, M.*) that granted visitation to Shirley pending a final hearing. We vacate the interim order and dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶ 2] Kelly and Michael Passalaqua were married in 1994 and divorced in 1997. They have two minor children together. Kelly and Michael share parental rights and responsibilities, but the children primarily reside with Kelly. Michael has visitation every weekend and on holidays. After the divorce, Kelly and Michael communicated through Shirley, Michael's mother. Shirley had contact with the children almost every weekend during Michael's visitation.

[¶ 3] In January 2005, Kelly stopped allowing the children to go to Shirley's house. On June 24, 2005, Shirley filed a petition for grandparent visitation rights. She also filed an affidavit asserting a sufficient existing relationship with the children to establish her standing to seek visitation pursuant to 19–A M.R.S. § 1803(1)(B) (2005). By order dated July 14, 2005, the trial court determined that Shirley had established a sufficient existing relationship with the grandchildren such that the case could proceed to a final hearing. *See* 19–A M.R.S. § 1803(2)(C), (D) (2005).

[¶ 4] Thereafter, following a case management hearing at which neither Kelly nor Michael appeared,[1] the family law magistrate determined that both parents

---

1. Service was achieved on Kelly on June 24, 2005, and on Michael on June 26, 2005. Michael has not filed an answer or otherwise appeared in this action.

had defaulted, and granted Shirley visitation rights "every weekend from Friday after school until Sunday at 4:00 p.m." Subsequently, Kelly, acting pro se, filed her first responsive pleading. On October 27, 2005, counsel entered an appearance on Kelly's behalf, and filed a motion to amend the answer and an affidavit in response to Shirley's claim of standing. Kelly asserts in her affidavit that the children exhibited signs of sexual abuse after being in Shirley's care. Shortly thereafter, Kelly filed a motion to dismiss for lack of standing and a motion for reconsideration of the July 14 order establishing standing.

[¶ 5] The trial court considered and denied the motions, and ordered the case to proceed to a hearing. Kelly filed a notice of appeal within twenty-one days of those orders.

## II. DISCUSSION

### A. The Grandparents Visitation Act

[¶ 6] The Grandparents Visitation Act[2] allows the grandparent of a minor child to petition the court for reasonable rights of visitation or access if it is first established that the grandparent has standing. 19–A M.R.S. § 1803(1). Pursuant to section 1803(1)(B), a grandparent has standing if "there is a sufficient existing relationship between the grandparent and the child." The grandparent must first file an affidavit containing facts that establish a sufficient

---

2. The Grandparents Visitation Act, 19–A M.R.S. §§ 1801–1805 (2005) provides, in relevant part:

§ 1803. Petition

1. **Standing to petition for visitation rights.** A grandparent of a minor child may petition the court for reasonable rights of visitation or access if:

A. At least one of the child's parents or legal guardians has died;

B. There is a sufficient existing relationship between the grandparent and the child; or

C. When a sufficient existing relationship between the grandparent and the child does not exist, a sufficient effort to establish one has been made.

2. **Procedure.** The following procedures apply to petitions for rights of visitation or access under subsection 1, paragraph B or C.

A. The grandparent must file with the petition for rights of visitation or access an affidavit alleging a sufficient existing relationship with the child, or that sufficient efforts have been made to establish a relationship with the child. When the petition and accompanying affidavit are filed with the court, the grandparent shall serve a copy of both on at least one of the parents or legal guardians of the child.

B. The parent or legal guardian of the child may file an affidavit in response to the grandparent's petition and accompanying affidavit. When the affidavit in response is filed with the court, the parent or legal guardian shall deliver a copy to the grandparent.

C. The court shall determine on the basis of the petition and the affidavit whether it is more likely than not that there is a sufficient existing relationship or, if a sufficient relationship does not exist, that a sufficient effort to establish one has been made.

D. If the court's determination under paragraph C is in the affirmative, the court may appoint a guardian ad litem as provided in section 1507. The court shall hold a hearing on the grandparent's petition for reasonable rights of visitation or access and shall consider any objections the parents or legal guardians may have concerning the award of rights of visitation or access to the grandparent. If the court has appointed a guardian ad litem, the court shall also consider the report of the guardian ad litem. The standard for the award of reasonable rights of visitation or access is provided in subsection 3.

3. **Best interest of the child.** The court may grant a grandparent reasonable rights of visitation or access to a minor child upon finding that rights of visitation or access are in the best interest of the child and would not significantly interfere with any parent-child relationship or with the parent's rightful authority over the child. In applying this standard, the court shall consider [factors A through K].

existing relationship, and the parent may file an affidavit in response. 19–A M.R.S. § 1803(2)(A), (B). If the court determines based on the petition and affidavits that "it is more likely than not that there is a sufficient existing relationship" to confer standing, the case proceeds to a hearing. 19–A M.R.S. § 1803(2)(C), (D). The court may grant the petition if it finds that visitation is in the best interest of the child and will not significantly interfere with any parent-child relationship or with the parent's rightful authority over the child. 19–A M.R.S. § 1803(3).

## B. The Final Judgment Rule

[¶ 7] The appeal in this case, from the denial of the motions to dismiss and for reconsideration of the order conferring standing, is in essence an appeal from the trial court's determination that Shirley has standing to pursue visitation rights. An order establishing that a party has standing is not a final order and ordinarily, pursuant to the final judgment rule, is not immediately appealable. *See IHT Corp. v. Paragon Cutlery Co., Inc.,* 2002 ME 68, ¶ 5, 794 A.2d 651, 652 (holding denial of motion to dismiss for lack of personal jurisdiction not immediately appealable).

[¶ 8] Kelly concedes that the orders appealed from are interlocutory and are eligible for immediate review only if they fall within a judicially created exception to the final judgment rule, including one of the three, well-established exceptions: the "death knell" exception, the judicial economy exception, or the collateral order exception.

[¶ 9] The "death knell" exception allows an immediate appeal from an interlocutory order when "substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264 (quotation marks omitted). A right is

irreparably lost "if the appellant would not have an effective remedy if the interlocutory determination were to be vacated after a final disposition of the entire litigation." *U.S. Dep't of Agric. v. Carter,* 2002 ME 103, ¶ 12, 799 A.2d 1232, 1235. Kelly contends that her substantial rights, recognized in our recent decision in *Conlogue v. Conlogue,* 2006 ME 12, 890 A.2d 691, will be lost absent immediate appellate review.

[¶ 10] In *Conlogue,* we addressed the validity of section 1803(1)(A), which provided that grandparents had standing to seek visitation rights if one of the child's parents or legal guardians had died. We recognized that forcing parents to litigate grandparent visitation rights against their will infringes on the parents' fundamental liberty interest in making decisions concerning the care, custody, and control of their children. *Id.* ¶ 13, 890 A.2d at 696. Subjecting section 1803(1)(A) to strict judicial scrutiny, we concluded that the death of a parent does not constitute a compelling interest that would justify State interference with the surviving parent's right to refuse access to the child. *Id.* ¶ 22, 890 A.2d at 699.

[¶ 11] We noted in *Conlogue* that no preliminary procedure existed under section 1803(1)(A) for testing whether a compelling interest could be shown to justify imposing the burden of litigation on the parent. Pursuant to that provision, the grandparent was granted standing automatically when one parent had died. *Id.* ¶ 18, 890 A.2d at 698. In contrast, when standing is sought on the ground of a sufficient existing relationship, the Act provides a summary procedure for testing whether imposing the burden of litigation on the parent is justified by a compelling state interest. *Id.*

[¶ 12] In *Rideout v. Riendeau,* 2000 ME 198, ¶¶ 24–26, 30, 761 A.2d 291, 301–02, a plurality of this Court determined that a

compelling State interest exists when a grandparent establishes "urgent reasons," in the form of a sufficient existing relationship, that justify court intrusion into family life. The plurality further concluded when a grandparent proceeds pursuant to section 1803(1)(B), the Act is narrowly tailored to achieve that compelling interest because, among other things, it provides additional safeguards at the hearing stage that protect the parents' rights. *Rideout*, 2000 ME 198, ¶¶ 29–32, 761 A.2d at 302–03. For example, the Act requires that the court consider the parents' objections, 19–A M.R.S. § 1803(2)(D), and determine whether visitation will significantly interfere with any parent-child relationship or with the parents' rightful authority over the child, 19–A M.R.S. § 1803(3).

■ [¶ 13] Although we recognize that the standing determination is an important prerequisite to forcing parents to litigate grandparent visitation, we are nevertheless satisfied that vigilant application of all the safeguards provided in the Act will adequately protect parents' substantial rights. In addition, permitting an exception to the final judgment rule in these cases would result in interrupted proceedings and undue delay, and would not constitute the best use of limited judicial re-

sources. We therefore conclude that a decision that a grandparent has standing pursuant to section 1803(1)(B) is not immediately appealable.[3]

## C. Case Management Order

■ [¶ 14] While we do not reach the merits of Kelly's appeal, we nevertheless address, *sua sponte*, a procedural issue that has arisen in this case. After the court determined that Shirley had standing, a case management conference with a magistrate was held. At the conference, after neither parent appeared, the magistrate determined that the parents were in default, and entered an order granting Shirley visitation rights.

[¶ 15] Awarding visitation rights to a grandparent at a case management conference, even one at which the parents fail to appear, is not contemplated by the Act, and would thwart the protections that are provided in the Act against unlawful infringement of the parents' fundamental rights. As we said in *Conlogue*, no grandparent should be awarded visitation with a minor child against a parent's wishes prior to the hearing prescribed in section 1803(2)(D). 2006 ME 12, ¶ 13 n. 7, 890 A.2d at 696. There must first be a judicial determination that rights of visitation or

---

**3.** Neither of the other two exceptions to the final judgment rule apply in this case. The judicial economy exception is available only in those rare cases in which appellate "review of a non-final order can establish a final, or practically final disposition of the entire litigation, and the interests of justice require that immediate review be undertaken." *Dep't of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990) (quotation marks omitted); *accord U.S. Dep't of Agric. v. Carter*, 2002 ME 103, ¶ 13, 799 A.2d 1232, 1236. Kelly contends that this exception should apply because reversal of the order granting standing would effectively end the entire litigation. This reasoning is faulty, however, because if we were to affirm, the case would proceed to a hearing in the trial court. "The [judicial economy]

exception applies only when the decision on appeal before us, *regardless of what it is*, would effectively dispose of the entire case." *Id.* (emphasis added). In addition, as stated above, our repeated hearing of matters that may ultimately be mooted by subsequent action in the trial court would not serve judicial economy.

Application of the collateral order exception requires that: "(1) the decision is a final determination of a claim separable from the gravamen of the litigation; (2) it presents a major unsettled question of law; and (3) it would result in irreparable loss of the rights claimed, absent immediate review." *Id.* ¶ 8, 799 A.2d at 1234. For the reasons relevant to the death knell exception, the collateral order exception does not apply.

access are in the best interest of the child and would not significantly interfere with any parent-child relationship or with the parent's rightful authority over the child. 19–A M.R.S.A. § 1803(3).

The entry is:

The case management order awarding visitation to Shirley Passalaqua is vacated. The appeal is otherwise dismissed.