2008 ME 99

**James W. BUTLER Jr.**

v.

**Lyudmila A. ROMANOVA.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.

Decided: June 17, 2008.

William B. Devoe, Esq., Eaton Peabody, Bangor, ME, for James W. Butler, Jr.

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, ME, for Lyudmila A. Romanova.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, and SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] James W. Butler Jr. appeals from an order entered by the District Court (Bangor, *R.Murray, J.*) affirming an order of a family law magistrate (*Jordan, M.*) rejecting Butler's request to disqualify the attorney who represents his wife, Lyudmila A. Romanova, in the parties' pending divorce action. Butler makes three points on appeal. He contends first that this appeal is excepted from the final judgment rule; second, that the District Court erred in ruling that he failed to meet his burden of proof as to disqualification; and third, that the District Court erred in finding that Romanova's attorney was not involved in prior representation of Butler. We conclude that Butler's appeal falls under an exception to the final judgment rule and that the District Court did not err in ruling that Butler failed to meet his burden of proof as to disqualification of Romanova's attorney. We therefore affirm.

## I. FACTS

[¶ 2] Butler and Romanova were married on September 8, 2001, and are the parents of one child, born on August 11, 2005. In March 2006, Butler discovered that Romanova had surreptitiously purchased a house on her own. When confronted, Romanova admitted that she planned to move into the house shortly with their child. As a result, Butler sought legal advice.

[¶ 3] Butler first sought out the attorney with whom he had worked to prepare a prenuptial agreement between himself and Romanova.[1] When he called the law firm where he believed the attorney worked, he was informed that the attorney no longer worked at the firm. He instead spoke with attorney William Devoe. He subsequently met with Devoe to discuss the prenuptial agreement. At that time, he did not discuss filing for divorce.

[¶ 4] Later, Butler told a friend of his situation with Romanova. This friend recommended that Butler contact attorney Martha Harris.

[¶ 5] In March or April of 2006, Butler phoned Harris's office and asked to speak with Harris. The receptionist put Butler on hold, and then a woman who did not identify herself came on the line. Butler thought he was speaking with Harris. Butler described the situation to the woman, and related his concern that courts favor women in child custody matters. Butler testified that the woman responded, "[a]bsolutely that's not true at all. I represent many men in custody cases where we've been successful in gaining custody in these cases." Butler also testified that the woman asked questions about Butler's re-

---

1. It is not clear from the record when the discussions about the prenuptial agreement took place or whether there was an executed prenuptial agreement.

lationship with Romanova, including asking for Romanova's name.

[¶ 6] The call lasted about ten minutes. At the end of the call, the woman suggested that Butler set up an appointment to come in. Butler did not make an appointment at that time and never made an appointment to see Harris.

[¶ 7] Harris testified at the hearing on Butler's motion to disqualify her that she thought it unlikely that she spoke directly to Butler when he called. Her firm's protocol was for any call from a new client to be forwarded to a scheduling secretary who would screen the call for conflict information and, if appropriate, schedule an appointment for the client to speak with an attorney. Harris could not exclude the possibility that a call from Butler would have come directly to her or that she spoke with him briefly. Harris, however, did testify that her practice would be to terminate any such call and transfer the caller to the scheduling secretary. Harris also filed an affidavit in which she stated that she was out of state from March 21, 2006, through April 2, 2006, had no contact with prospective clients from the beginning of March until April 27, 2006, and that it was impossible that Butler spoke with her by telephone as he claimed. Harris also stated in her affidavit that had Butler talked with her, certain records would have been generated, none of which Harris found after checking and rechecking.

[¶ 8] About one year after Butler's call to Harris's firm, Butler met again with attorney Devoe, whom he hired to represent him in the divorce. Butler filed for divorce in March 2007. Romanova hired attorney Harris to represent her. In May 2007, Butler filed a motion to disqualify Harris. A hearing was held before a family law magistrate on June 7, 2007. On June 14, 2007, the magistrate entered an order denying the motion, finding that Butler phoned Harris's office and believed that he was speaking with Harris. The magistrate also found that Butler was clearly mistaken in that belief and that information passed to someone on Harris's staff could not be imputed to Harris for purposes of a conflict analysis.

[¶ 9] On July 9, 2007, Butler filed an objection to the magistrate's order. M.R. Fam. Div. III(G)(2). On August 14, 2007, the District Court affirmed the magistrate's order. The court held that the factual findings made by the magistrate were supported by the evidence in the record and that Butler had not met his burden of proof on the disqualification issue. Butler's appeal to us followed.

## II.  DISCUSSION

### A.  Final Judgment Rule

[¶ 10] Butler's appeal falls under the death knell exception to the final judgment rule. If we refuse to consider his appeal because of the final judgment rule, Butler stands to irreparably lose substantial rights. *Hurley v. Hurley,* 2007 ME 65, ¶ 6, 923 A.2d 908, 910; *Passalaqua v. Passalaqua,* 2006 ME 123, ¶ 9, 908 A.2d 1214, 1217; *see In re Bailey M.,* 2002 ME 12, ¶ 8, 788 A.2d 590, 594. We move, therefore, to a discussion of the merits of this appeal.

### B.  Review of the Magistrate's Order

[¶ 11] When a District Court acts as an intermediate appellate court, we review the decision of the magistrate directly. *Lawrence v. Webber,* 2006 ME 36, ¶ 6, 894 A.2d 480, 482–83. The standard of review for orders disqualifying or refusing to disqualify counsel is highly deferential. *Casco N. Bank v. JBI Assocs., Ltd.,* 667 A.2d 856, 859 (Me.1995). The order " 'will not be disturbed if the record reveals any

sound basis for the [magistrate's] action.'" *Id.* (quoting *Gas–a–Tron of Ariz. v. Union Oil Co. of Cal.,* 534 F.2d 1322, 1325 (9th Cir.1976)). The moving party "has the burden of showing the grounds for disqualification, producing more than mere speculation and sustaining a reasonable inference of a[n ethical] violation." *Id.* (alteration in original) (quotation marks omitted). Doubts should be resolved in favor of disqualification. *Id.* We review findings of fact for clear error. *Id.*

[¶ 12] The magistrate found that Harris was never Butler's attorney and there was never an attorney-client relationship between them. Given the probability that Butler and Harris never spoke

to one another, the protocols installed in Harris's firm to prevent conflicts, and the substance of Butler's conversation with the person at Harris's firm with whom he spoke, we have no difficulty in affirming the magistrate's decision to deny Butler's motion to disqualify Harris.

The entry is:

Judgment affirmed.