MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2019 ME 159
Docket:        Kno-19-158
Submitted
  On Briefs:   October 24, 2019
Decided:       November 26, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KATHLEEN FLANDERS

v.

FERN R. GORDON

HUMPHREY, J.

[¶1]  Kathleen Flanders appeals from an interlocutory order entered by the District Court (Rockland, *Mallonee, J.*) denying her motion to disqualify Attorney Eric Morse from representing Fern R. Gordon.  We dismiss the appeal.

## I.  BACKGROUND

[¶2]  The following facts, drawn from the court's findings, are undisputed by the parties or are supported by the record.

[¶3]  In her complaint, Flanders alleges that, in January 2017, she was attacked by Gordon's dog.  Flanders retained Attorney Sarah Gilbert and commenced this personal injury lawsuit against Gordon in October 2017.  Gordon retained Attorney Eric Morse of Strout & Payson, P.A., to defend her.

[¶4] In January 2018, while the lawsuit against Gordon was still pending, Flanders was injured in a motor vehicle accident. Flanders sought legal assistance from Attorney Darby Urey, a partner of Attorney Morse at Strout & Payson, P.A., who continued to represent Gordon in the dog-attack case.[1] Attorney Urey discussed the potential conflict with Flanders, who then signed a conflict waiver agreement provided to her by Attorney Urey. Attorney Urey met and consulted with Flanders several times and gathered her medical information; however, Flanders eventually terminated Attorney Urey's services and engaged new counsel.

[¶5] On February 15, 2019, Flanders moved to disqualify Attorney Morse from representing Gordon in this personal injury case based on an alleged conflict created by Attorney Urey's earlier representation of Flanders in connection with the January 2018 motor vehicle accident. On February 25, 2019, following a hearing on the motion at which Flanders briefly testified, the court denied Flanders's motion to disqualify Attorney Morse. Flanders filed motions to alter or amend the judgment, M.R. Civ. P. 59(e), and

---

[1] Flanders engaged the services of Attorney Urey "to recover either workers' compensation benefits or tort damages arising out of [the motor vehicle] accident," and the trial court determined that Attorney Morse "has no information about Ms. Flanders he is not entitled to have."

for further findings of fact and conclusions of law, M.R. Civ. P. 52(b).  The court denied these motions, and Flanders timely appealed.  *See* M.R. App. P. 2B(c).

## II.  DISCUSSION

[¶6]  An appeal from an interlocutory order, such as an order denying a motion to disqualify counsel, is "eligible for immediate review only if [it falls] within a judicially-created exception to the final judgment rule, including one of the three, well-established exceptions: the death knell exception, the judicial economy exception, or the collateral order exception."  *Estate of Markheim v. Markheim*, 2008 ME 138, ¶ 12, 957 A.2d 56 (quotation marks omitted). Flanders does not argue that the collateral order exception applies, and we address only the remaining two exceptions.

[¶7]  First, the death knell exception permits an immediate appeal from an interlocutory order "when substantial rights of a party will be irreparably lost if review is delayed until final judgment."  *Id.* ¶ 13 (quotation marks omitted).  The death knell exception is inapplicable here.  Under this exception, an order *granting* a motion to disqualify is immediately appealable; however, an order *denying* a motion to disqualify generally is not.  *State v. Carrillo*, 2018 ME 84, ¶¶ 5-6, 187 A.3d 621.  The reason for this rule is straightforward. Disqualification involves a disadvantage and expense that cannot be remedied

4

once the case is over, whereas an order denying a motion to disqualify "implicates no such concerns." *Id.*; *see also Tungate v. MacLean-Stevens Studios, Inc.*, 1997 ME 113, ¶¶ 4-5, 695 A.2d 564; Alexander, *Maine Appellate Practice* § 304(f) (5th ed.). If, after the entry of a final judgment, we determine that disqualification was required, disqualification "can occur prior to a new trial, and both parties would be put in the same position that they would have been in if disqualification occurred following an interlocutory appeal."[2] *Carrillo*, 2018 ME 84, ¶ 6, 187 A.3d 621 (quotation marks omitted). We reiterate that creating a blanket exception to the final judgment rule to allow for the immediate appeal of an order denying a motion to disqualify would give litigants the ability to abuse motions to disqualify for tactical purposes and "force us to prematurely review issues that would otherwise have to wait for

---

[2] We have twice permitted interlocutory appeals from orders denying motions to disqualify counsel, but those cases involved facts distinguishable from the facts here. In *Estate of Markheim v. Markheim*, 2008 ME 138, ¶¶ 20-21, 957 A.2d 56, we considered the merits of a denial of a motion to disqualify under the death knell exception because the moving parties identified specific examples of confidential information that the attorney had acquired from his prior representation that could be harmful to them in the pending case. Here, the court found, with support in the record, that Attorney Morse did not receive any confidential information as a result of Attorney Urey's representation of Flanders. *See Liberty v. Bennett*, 2012 ME 81, ¶¶ 20-21, 46 A.3d 1141. Similarly, we permitted an interlocutory appeal from an order denying a motion to disqualify counsel in *Butler v. Romanova*, 2008 ME 99, ¶¶ 5-10, 953 A.2d 748, a divorce case, after concluding, without elaborating, that otherwise the moving party "st[ood] to irreparably lose substantial rights." Flanders has not identified what substantial rights she stands to lose. *See State v. Carrillo*, 2018 ME 84, ¶¶ 7-8, 187 A.3d 621; *Liberty*, 2012 ME 81, ¶¶ 20-21, 46 A.3d 1141.

the complete record that accompanies a final judgment." *Id.* (quotation marks omitted).

[¶8] Second, "the judicial economy exception is available only in those rare cases in which appellate review of a non-final order can establish a final, or practically final[,] disposition of the entire litigation, and the interests of justice require that immediate review be undertaken." *Passalaqua v. Passalaqua*, 2006 ME 123, ¶ 13 n.3, 908 A.2d 1214 (quotation marks omitted). Application of the judicial economy exception would not establish a final or practically final disposition of this litigation. *See Liberty v. Bennett*, 2012 ME 81, ¶¶ 22-23, 46 A.3d 1141. Even if we reached the merits and determined that the court abused its discretion in denying Flanders's motion to disqualify, the litigation would continue. *See Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 26, 974 A.2d 918.

[¶9] Far from establishing a final disposition, permitting an interlocutory appeal here would unnecessarily delay the litigation in the trial court regardless of the outcome of the appeal. Thus, allowing the appeal of this interlocutory order to proceed would not be in the interest of judicial economy. *Liberty*, 2012 ME 81, ¶¶ 22-23, 46 A.3d 1141. We therefore decline to reach the merits of this appeal.

The entry is:

Appeal dismissed.

---

Tina Heather Nadeau, Esq., The Law Office of Tina Heather Nadeau, PLLC, Portland, for appellant Kathleen Flanders

Eric B. Morse, Esq., Strout & Payson, P.A., Rockland, for appellee Fern R. Gordon

Rockland District Court docket number CV-2017-93
FOR CLERK REFERENCE ONLY