STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-27/AP-19-33

ST MARY'S D'YOUVILLE PAVILION
and AROOSTOOK MEDICAL CENTER/
AROOSTOOK HEALTH CENTER

    Petitioners

**ORDER ON PETITIONERS'
80C APPEALS**

v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Respondent

And

THE CEDARS NURSING CARE CENTER

    Party-in-Interest

Before the court is Petitioner St. Mary's d'Youville Pavilion ("St. Mary's") and Petitioner Aroostook Medical Center/Aroostook Health Center's ("AHC's") petitions for 80C review of the Commissioner of the Department of Health and Human Services's decision that The Cedars Nursing Care Center ("Cedars") has standing to appeal the Department of Health and Human Services (the "Department's") peer group reclassification of St. Mary's and AHC. St. Mary's is represented by Attorney David A. Goldman. AHC is represented by Attorney Janine A. Raquet. Cedars is represented by Attorney U. Charles Remmel, II. The Department is represented by Assistant Attorney General Thomas C. Bradley. Oral argument was held on March 4, 2020. Following oral argument, the court requested that the parties provide supplemental briefing on the issues of the finality of the Department's administrative proceedings in this matter and whether this court has appellate jurisdiction. The last of those

briefs were received on May 22, 2020. For the following reasons, the court now dismisses the petitions.

## Background

This matter stems from an earlier 80C appeal filed by party-in-interest Cedars. On January 8, 2015, the Office of MaineCare Services ("OMS") issued a decision which reclassified AHC from Peer Group II to Peer Group III. Cedars then requested that the Department conduct an informal review of the decision. The Department denied this request on the ground that Cedars was not aggrieved by AHC's peer group reclassification. Cedars subsequently filed an 80C appeal in the Superior Court. That appeal resulted in an order remanding the matter to the Department to conduct an informal review. *Cedars Nursing Care Center v. Department of Health and Human Services*, No. CUMSC-AP-15-21, at 6 (Cum. Cnty. Super. Ct. July 11, 2016). In its order, the Court made clear that it expressed no opinion on whether or not Cedars is an aggrieved party pursuant to section 1.21-1 of the MaineCare Benefits Manual.[1] *Id.*

Following remand, the Department conducted an informal review and held an administrative hearing on the issue of whether Cedars had been aggrieved by the Department's decision to reclassify both AHC and St. Mary's[2] from peer group II to peer group III. Ultimately, the Commissioner issued a decision determining that Cedars had been aggrieved by the Department's reclassification decisions and that Cedars therefore had the right to intervene on

---

[1] At the time of the Superior Court's decision, section 1.21-1 of the MaineCare Benefits Manual stated that "[a]ny provider who is aggrieved by a Departmental action made pursuant to this Manual . . . has sixty (60) calendar days from the date of receipt of that decision, to request an informal review." 10-144 C.MR. ch. 101, § 1.21-1 (2016). The MaineCare Benefits Manual has since been changed and renumbered.

[2] The Department issued its decision to reclassify St. Mary's on June 7, 2016 which was shortly before the Superior Court issued its order remanding the AHC matter to the Department for the purposes of conducting an informal review. Cedars also requested that the Department conduct an informal review of its decision to reclassify St. Mary's.

the issue of whether the Department correctly reclassified both AHC and St. Mary's. AHC and St. Mary's then filed petitions seeking 80C review of the Commissioner's decision. These petitions are currently pending before this court.

## Discussion

Maine's Administrative Procedure Act provides for judicial review of administrative agency actions as follows:

> Except where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy.

5 M.R.S. § 11001.

In this case, the only effect of the Commissioner's decision is to allow Cedars to seek informal review of the merits of the Department's reclassification decision. Although it is termed a "final decision", the Commissioner's decision is final only with respect to Cedars ability to pursue administrative relief; further administrative proceedings will be necessary to resolve the question of whether the Department's reclassification decisions were proper. Consequently, the Commissioner's decision that Cedars has been aggrieved, and thus has standing to pursue the informal review process, constitutes non-final preliminary agency action. *See* 5 M.R.S. § 8002(4); *see also NextEra Energy Res., LLC v. Me. PUC,* 2020 ME 34, ¶ 12, ___A.3d___ (characterizing the issue of standing to appeal an administrative agency order as a "preliminary matter"); *Passalaqua v. Passalaqua,* 2006 ME 123, ¶ 7, 908 A.2d 1214 ("An order establishing that a party has standing is not a final order and ordinarily, pursuant to the final judgment rule, is not immediately appealable").

The Court also concludes that future review of the Department's final agency action will provide an adequate remedy. Unlike in the *Fichter* case cited by St. Mary's, both AHC and St. Mary's will be able to seek appellate review—either through a direct or cross appeal—on the issue of Cedars's aggrieved status once there has been final agency action. *See Fichter v. Bd. of Envtl. Prot.*, 604 A.2d 433, 436 (Me. 1992). Additionally, this case can further be distinguished from *Fichter* in that any interference with the administrative process has been caused by the Department decision and not from an interlocutory ruling of the Superior Court. *Id.*

In light of the foregoing, the court concludes that it does not have jurisdiction to conduct judicial review of the Commissioner's preliminary decision that Cedars is an aggrieved party and thus able to invoke the administrative process. *See Raynes v. Dep't of Corr.*, 2010 ME 100, ¶ 10, 5 A.3d 1038.

The entry is

> St. Mary's d'Youville Pavilion's and Aroostook Medical Center/Aroostook Health Center's petitions for 80C Review of the Decision of the Commissioner of the Department of Health and Human Services are **DISMISSED**.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: ___5|28|2020___    _____
**Justice, Superior Court**