STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-32

GORHAM SAND & GRAVEL,

     Plaintiff,

    v.

TOWN OF SEBAGO,

     Defendant,

**COMBINED ORDER**

Before the Court are two pending motions by Petitioner Gorham Sand & Gravel ("GSG"). GSG has filed a Motion for Reconsideration of the Court's dismissal of Count I and a Motion for Leave to Amend the Pleadings. For the following reasons, the Court denies both motions.

On March 2, 2023, the Court issued a Combined Order addressing three motions: a Motion for Trial by GSG, a Motion to Dismiss by the Town of Sebago ("Town"), and a Motion to Dismiss by nonparties Marcella and Robert Laliberte. In response to the Town's motion, the Court dismissed Plaintiff's Count I, a M.R. Civ. P. 80B Petition for Review of the decision of the Town Zoning Board of Appeals ("Board") remanding an application to the Town Planning Board. This Court dismissed Count I after determining there was no final judgment to review. Now, in its Motion for Reconsideration, GSG argues that the Court should reconsider its dismissal of the Rule 80B petition because the Court committed error, new information is available, and GSG has clarified when the Board was established such that 30-A M.R.S. § 2691(3)(C) applies. In its Motion for Leave, GSG seeks leave to add three declaratory judgment claims to its complaint.

1. <u>Motion for Reconsideration</u>

1

Plaintiff-Bruce Hepler, Esq./
Benjamin Hartwell, Esq.
Defendant-John Wall, Esq.

"A motion for reconsideration of an order 'shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented.'" *U.S. Bank Nat'l Ass'n v. Manning*, 2020 ME 42, ¶ 34, 228 A.3d 726 (quoting M.R. Civ. P. 7(b)(5)). A motion for reconsideration of the judgment is treated as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). Civil Rule 7(b)(5) is intended to deter litigants from raising points that were or could have been presented to the court before the underlying decision issued. *Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367 (citing *Shaw v. Shaw*, 2003 ME 153, ¶¶ 7-8, 12, 839 A.2d 714).

GSG first argues that the Court erred by basing its conclusion about the standard of review on GSG's failure to provide the date of formation of the ZBA. The Court concludes that GSG's introduction of the date of formation of the ZBA does not warrant reconsideration. GSG is correct that the rule applies to town boards of appeals regardless of formation date, *see Lamarre v. Town of China*, 2021 ME 45, ¶ 5, 259 A.3d 764, but GSG assumes that the Court would have found the judicial economy exception were met if GSG had shown the ZBA used the wrong standard of review. The Court based its conclusion second prong of the judicial economy exception not only on the lack of evidence that 30-A M.R.S. § 2691(3)(C) applied but also both on GSG's ability to raise its grievances once there is a final decision and on its failure to show that immediate review would serve the interests of justice.[1] Therefore, the Court is not persuaded by GSG's argument on

---

[1] *See Town of Otis v. Derr*, 2001 ME 151, ¶ 7, 782 A.2d 788 (requiring injury caused by a delay). Although the Board recommended that the Town hire at least four experts at GSG's expense to review findings made by other experts and opine on the Board's questions, the Law Court has stated that "[p]articularly unique circumstances may justify reaching the merits of an interlocutory appeal pursuant to the judicial economy exception to the final judgment rule," *Liberty v. Bennett*, 2012 ME 81, ¶ 22, 46 A.3d 1141, and the majority of the cases making the exception involve sensitive family matters. (citing *Efstathiou v. The Aspinquid, Inc.*, 2008 ME 145, ¶ 23, 956 A.2d 110 (dissolution of marriage involving children in which the exception was justified by "the exceedingly long history of this litigation" and the "unusual circumstance" of the case); *Adoption of Michaela C.*, 2004 ME 153, ¶ 14, 863 A.2d 270 (three proceedings pending in separate courts involving the same party and the proceedings had created a stalemate); *Williams v. Williams*, 1998 ME 32, ¶ 7, 706 A.2d 1038 (child custody matter where the litigation had been subject to "inordinate delay" over two years and a remand with instruction for a new trial was pending)); *Dep't of Hum. Servs.*

2

this point. The Court also declines to alter its decision based on the arguments that GSG presents for a second time. It concludes dismissal of Count I was not error.

Next, GSG argues that the Court erred by stating that it was undisputed that GSG's application had not been finally decided by the Planning Board. It argues that because the ZBA's review and remand were improper, the first Planning Board decision is a final decision. As the Town points out, the Court's statement referred to the undisputed fact that the application was remanded and is pending. The ZBA was authorized to remand under ordinance. The Court concludes that it did not err in stating there was no dispute that the application had not been finally decided.

Finally, GSG argues that the passage of a new ordinance prohibiting quarries in the area shows that the interests of justice require immediate review because the Planning Board will certainly deny the application. The Court concludes that despite the new ordinance, no exception to the final judgment rule applies. *See Passalaqua v. Passalaqua*, 2006 ME 123, ¶ 13 n.3, 908 A.2d 1214 (appellate court's hearing matters that may be mooted does not serve judicial economy). The Court declines to alter its prior decision on this basis and denies the Motion for Reconsideration.

The Court will however amend its judgment to remove its finding that GSG had not shown the ZBA was subject to the requirements of § 2691(3)(C). *See Avaunt v. Town of Gray*, 634 A.2d 1258, 1260 (Me. 1993) (quoting *Most v. Most*, 477 A.2d 250, 258 (Me. 1984) (holding a motion for reconsideration allows a court to make amendments to its judgment that are not requested in the motion)). The caselaw indicates that the rule governing standard of review applies regardless

---

*v. Lowatchie*, 569 A.2d 197, 199 (Me. 1990) (applying exception to prevent harassment through duplicative paternity action).

3

of a municipal board's formation date. *See Lamarre*, 2021 ME 45, ¶ 5, 259 A.3d 764; *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 11, 868 A.2d 161.

### 2. Motion for Leave

GSG seeks leave to add three declaratory judgment claims, addressing the ZBA's review authority, the rights of GSG with respect to the permit application fee, GSG's vested rights, the March ordinance change, and procedural due process.

When a party moves for leave to amend its pleading, "leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). Courts may deny leave to amend based on undue delay, bad faith, undue prejudice, or futility of amendment. *Paul v. Town of Liberty*, 2016 ME 173, ¶ 9, 151 A.3d 924 (citing *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106).

The exclusivity principle holds that if the Legislature has provided for direct judicial review of an agency's decision and that remedy is adequate, then direct judicial review of the agency action is intended to be exclusive. *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981). An additional claim outside of a Rule 80B petition that "relies on the same factual allegations[] and seeks the same relief" as the requested review of agency action is duplicative and barred by the exclusivity principle. *Kane v. Comm'r of Dep't of Health & Hum. Servs.*, 2008 ME 185, ¶ 32, 960 A.2d 1196; *see also Antler's Inn & Rest., LLC v. Dep't of Pub. Safety*, 2012 ME 143, ¶ 14, 60 A.3d 1248 (citing *Gorham v. Androscoggin Cnty.*, 2011 ME 63, ¶ 22, 21 A.3d 115) (affirming dismissal of independent claims that were within the scope of review under the Maine APA and Rule 80C).

The Court concludes at this point that GSG's amendments would be futile because they can be raised in the context of a timely 80B appeal, and therefore the exclusivity principle bars them. The Court denies this motion without prejudice to raising it again if circumstances change.

4

<u>The entry is</u>

1. Plaintiff's Motion for Reconsideration is DENIED. The Court's 3/2/23 Combined Order is AMENDED at page 5, to remove the following language, beginning in the second paragraph and continuing to the first word of the third paragraph:

> GSG has not shown that the de novo review was improper. *See* 30-A M.R.S. § 2691(C)(3) (stating that when a board of appeals established after September 23, 1971 is directed to conduct an appellate review rather than de novo, the board may not accept new evidence). If the Court were to apply the cited statute, it is unclear whether it would govern the ZBA because it is not clear from the current record when the ZBA was established.
> Moreover,

2. Plaintiff's Motion for Leave is DENIED without prejudice.

The clerk is directed to incorporate this order onto the docket by reference. M.R. Civ. P. 79(a).

Date: __7/ 6 /23__   _____

**M. Michaela Murphy**
**Justice, Maine Superior Court**

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 0 6 2023   9:35AM
RECEIVED

Entered on the Docket: 07/07/23

5